UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/26/19

JAY BRODSKY,

                    Plaintiff,

        - against -

HILINE COFFEE COMPANY, INC., ET AL.,

                 Defendants.

19-cv-4308 (JGK)

MEMORANDUM OPINION &
ORDER

JOHN G. KOELTL, District Judge:

The Court has received the plaintiff's attached memo explaining why he was unable to effect service of the summons and complaint. Therefore, the time to serve the summons and complaint is extended by 60 days.

The motion for default judgment is denied because the plaintiff has yet to serve the defendant. However, under a broad reading of the plaintiff's claims, the Court construes the plaintiff's motion as a motion to approve alternative service on the defendants. Federal Rule of Civil Procedure 4(e)(1) permits a plaintiff to serve an individual defendant by following the procedures set forth by state law in the state where the district court is located. New York Civil Practice Law and Rules Section 308 sets forth available methods of service for individuals. Where service under §§ 308(1), (2), or (4)—which generally provide variants of personal service—is impracticable, § 308(5) provides that the Court may approve alternative service

methods. See Ransome v. Epstein, No. 17-CV-616 (JGK), 2018 WL 637421, at *1 (S.D.N.Y. Jan. 30, 2018). Federal Rule of Civil Procedure 4(h) permits a plaintiff to serve a corporation by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

The plaintiff represents that he has taken multiple steps to serve the individual defendants Kakulin and Snyder and the corporation HiLine Coffee Company, Inc., to no avail. The plaintiff mailed the summons and complaint by first class mail to the General Legal Counsel of HiLine Coffee Company at "1133 Broadway, Suite 706, New York NY 10010-8065" on May 17, 2019. Pl. Ex. 6. The envelope reflects the word "MOVED" and that it was returned to sender on June 2, 2019. Id. In addition, the United States Marshals attempted to serve the summons and complaint at the address listed above to the two individual defendants and HiLine Coffee Company, Inc. on June 27, 2019, and noted: "unable to serve as addressed, return to sender via USPS." Pl. Ex. 1. The plaintiff has attempted to search for the address of HiLine Coffee Company, Inc. via the corporation's website, as well as "manta.com" and "buzzfile.com," all three of which state the same address that the United States Post Office and United States Marshal could not deliver the summons and

complaint to. In addition to mailings and attempted service by United States Marshals, the plaintiff has attempted to call the defendants Kakulin and Snyder and has emailed HiLine Coffee Company Inc., at the email listed on the corporation's website, seeking the corporation's mailing address.

Under these circumstances, the plaintiff has demonstrated impracticability, because he has made efforts to obtain information about the individual defendants' actual place of business and the corporation's mailing address but has been unable to confirm the address. See, e.g., S.E.C. v. Nnebe, No. 01-cv-5247 (KMW), 2003 WL 402377, at *3 (S.D.N.Y. Feb. 21, 2003) (collecting cases).

"Giving notice under a substitute system is permissible provided that it comports with due process by being reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id. at *4 (quotation marks and citation omitted). The Court finds that service by email to the corporation's email address would be reasonably calculated to provide the defendants with notice of the lawsuit and the opportunity to respond. The plaintiff represents that when he emailed the corporation at the email address listed on their website, "hi@hilinecoffe.com," he received a response from Rea at HiLine about four hours later, stating "[l]et us know why

you need our mailing address." Pl. Ex. 7. This suggests that the email address is monitored by representatives of the Company. Although the plaintiff states that he emailed HiLine Coffee Company, Inc. the legal documents that the United States Marshals attempted to serve, Pl. Ex. 9, it is not apparent from this email what documents the plaintiff sent the defendants.

Therefore, the time to serve the summons and complaint is extended by 60 days. The plaintiff may serve the summons and complaint by email to the defendants.


**SO ORDERED.**

Dated:    **New York, New York**
           **October 26, 2019**

                                 **John G. Koeltl**
                       **United States District Judge**

Jay Brodsky
240 East Shore Road, #444
Great Neck, NY 11023
Telephone: (973) 568-1666
E-mail: demcointerexport@yahoo.com
Plaintiff ProSe on Behalf of Himself



CHAMBERS OF
JOHN G. KOELTL
U.S.D.J.

Case No. **19-cv-4308**

## UNITED STATE DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

THE MATTER OF:

JAY BRODSKY
**PLAINTIFF**

                    *-against-*

HILINE COFFEE COMPANY, INC.
EUGENE KAKULIN, CEO
TED SNYDER, COO
DOES 1-5 et al
**DEFENDANT'S**

- **Issues Before the Court:**
- Telephone Consumer
- Protection Act 1991(TCPA)
- 47 U.S.C.A. § 227 et seq.,
- Sections 5(a), 5(m)(1)(A),
- and 16(a) of the FTC Act
- 15 U.S.C. §§ 45(a), 45(m)(1)
- (A), 53(b)
- Section 6 of the
- Telemarketing and Consumer
- Fraud and Abuse Prevention
- Act ("Telemarketing Act")
- 15 U.S.C. § 6105

---

# MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER
# TO SHOW CAUSE AGAINST DISMISSAL FOR NON SERVICE OF
# SUMMONS AND COMPLAINT

---

Sent via U.S.P.S. First Class Mail:
HONORABLE John G. Koetl U.S.D.J.
District Court Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: JAY BRODSKY v. HILINE COFFEE COMPANY, INC. Case No.19-cv-4308-JGK

**COME NOW** Jay Brodsky (hereinafter PLAINTIFF), by his own self representation, submits this Memorandum in support of his Motion to show GOOD CAUSE why Defendant HILINE COFFEE COMPANY, INC. (hereinafter HILINE) has not been served a SUMMONS and COMPLAINT.

## I          **INTRODUCTION**

1. PLAINTIFF at all times is a United States citizen who resides in Great Neck, New York.

2. HILINE is a merchant that sells and distributes coffee products to consumers nationwide.

3. The Telephone Consumer Protection Act (TCPA) prohibits companies from disseminating telemarketing calls and/or texts (SMS) to residential telephone lines and cell phones using automated messaging or by using an, 'Automatic Text Messaging System,' commonly referred to as, 'ATMS,' to call and/or

deliver text messages without the prior express written consent of the called

party pursuant to, 47 U.S.C. § 227(b).

4.      HILINE violated the TCPA when it sent multiple advertising text messages

to PLAINTIFF without his expressed written permission.

## II      **MEMORANDUM OF LAW**

5.      In relation to, Federal Rule of Civil Procedure Rule 4(e)(2), 'While personal

service of process does not require "in hand" delivery, it should not become

a game of 'wiles and tricks' and a defendant should not be able to defeat

service simply by refusing to accept the papers or by instructing others to

reject service. Even though a defendant refuses physical acceptance of a

summons, service is complete if a defendant is in close proximity to a

process server under such circumstances that a reasonable person would be

convinced that personal service of the summons is being attempted,' Slaieh

v. Zeineh, 539 F. Supp. 2d 864. 'In *Puett* and *Romandette,* the plaintiffs took

some action beyond merely identifying the defendants' names for the U.S.

Marshal and the Marshal's failure to effect service was not plaintiffs' fault.

The plaintiffs in those cases took reasonable, conscientious steps to ensure,

as best they could, that the defendants would be served,' VanDiver v. Martin,

304 F. Supp. 2d 934.

### III          **FACTUAL ALLEGATIONS**

6.   On June 27, 2019 the, UNITED STATES MARSHAL'S SERVICE,

attempted to effectuate 'personal service' upon, HILINE as requested by

PLAINTIFF. As established in [Exhibit #1], the MARSHAL'S SERVICE

recounted that, 'Unable to serve as addressed, return to sender via U.S.P.S.'

7.   On June 27, 2019 the, UNITED STATES MARSHAL'S SERVICE,

attempted to effectuate 'personal service' upon, 'EUGENE KAKULIN,'

Chief Executive Officer, as requested by PLAINTIFF. As established in

Exhibit #1, the MARSHAL'S SERVICE recounted that, 'Unable to serve as

addressed, return to sender via U.S.P.S.'

8.   On June 27, 2019 the, UNITED STATES MARSHAL'S SERVICE,

attempted to effectuate 'personal service' upon, 'TED SNYDER,' Chief

Operating Officer, as requested by PLAINTIFF. As established in Exhibit

#1, the MARSHAL'S SERVICE recounted that, 'Unable to serve as

addressed, return to sender via U.S.P.S.'

9.      Defendants published internet website adduces that, 1133 Broadway, New York, New York 10010, is 'HILINE'S' corporate headquarters, as of October 11, 2019 at 8:42PM [Exhibit #2].

10.      A wifely known information website [1]'MANTA.COM' adduces and affirms that, 'HILINE'S' corporate address is 1133 Broadway, New York, New York 10010 as of, October 11, 2019 at 8:47PM [Exhibit #3].

11.      A widely known information website [2]'BUZZFILE.COM' adduces and affirms that, 'HILINE'S' corporate address is 1133 Broadway, New York, New York 10010 as of, October 11, 2019 at 8:47PM [Exhibit #4].

12.      Antedating PLAINTIFFS' attempted 'Personal Service' by the UNITED STATES MARSHAL'S SERVICE and prior to filing PLAINTIFFS' SUMMONS and COMPLAINT at S.D.N.Y., (May 10, 2019) PLAINTIFF contacted HILINE by email on April 19, 2019. The email sent to HILINE engenders the following, 'On February 11, 2019, Jay Brodsky forwarded a, 'Notice of Pending Litigation,' (*of which despite his good effort, no reply was effectuated in return*). An attachment (PDF) of the aforementioned,

---

[1] Manta is one of the largest online resources dedicated to small business.

[2] BuzzFile is a business aggregator site that boasts information about company ownership industry revenue structure.

'Summons and Complaint,' [Exhibit #10] which will be filed if no reply is tendered. Please review and contact 'Brodsky' ASAP to avoid costly litigation' [Exhibit #5].

13.    On May 10, 2019 PLAINTIFFS' Summons and Complaint was filed and entered at the S.D.N.Y. [Exhibit #8].

14.    On May 17, 2019 a courtesy copy of PLAINTIFFS' Summons and Complaint was forwarded to HILINE via U.S.P.S. First Class Mail [Exhibit #6].

15.    On June 2, 2019 PLAINTIFFS' mailing as engendered [paragraph 14] hereinabove, was returned to PLAINTIFF by U.S.P.S. because it was, 'NOT DELIVERABLE AS ADDRESSED, UNABLE TO FORWARD' [Exhibit #6].

16.    On June 7, 2019 PLAINTIFF sent an email query (3:54PM) to HILINE [Exhibit #7] 'What is your mailing address?'

17.    On June 7, 2019 HILINE replied to PLAINTIFF (7:53PM) 'Let us know why you need our mailing address?' [Exhibit #7].

18.    On July 10, 2019 PLAINTIFF contacted HILINE by email to advise the defendants that multiple attempts had been effectuated to contact them since

February 11, 2019 to 'personally serve' and to proffer the same documents to HILINE by U.S.P.S. to no avail [Exhibit #9].

19.    Throughout the same time period enumerated herein, multiple phone calls had been engendered by PLAINTIFF to contact 'EUGENE KAKULIN' and/or 'TED SNYDER' and/or any other employee authorized to speak on behalf of 'HILINE' at (212) 951-0695. During these attempted contact phone calls, either nobody answered or on one occasion 'EUGENE KAKULIN' answered a call that had been forwarded to his cellphone. Upon PLAINTIFF identifying himself, there was an audible, 'CLICK' indicating that the call had been terminated by 'KAKULIN.'

## IV        CONCLUSION

20.    After countless attempts to contact HILINE and its executive officers by PLAINTIFF and the UNITED STATES MARSHAL'S SERVICE, PLAINTIFF has not been able to 'Personally Serve' nor serve the defendants by U.S.P.S. First Class Mail as memorialized herein.

21.    WHEREFORE, PLAINTIFF respectfully requests that the Court enter a Default Judgement pursuant to Federal Rules of Civil Procedure Rule 55 against the defendants HILINE, EUGENE KAKULIN and TED SNYDER.

22.    PLAINTIFF has effectuated every good effort possible to notify the

      defendants that legal proceedings have been commenced against them since

      February 11, 2019.

23.    Defendants have avoided all forms of service and contact and shall continue

      to do so despite all efforts effectuated by PLAINTIFF and the MARSHAL'S

      SERVICE.

24.    PLAINTIFF begs the Court to refrain from dismissing PLAINTIFFS' action

      which has been commenced in good faith and with great deference to your

      the Court and your Honor.


Respectfully submitted this 12th day of October 2019,


Jay Brodsky, Plaintiff, Pro Se

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JAY BRODSKY,

                Plaintiff(s),

     -against-

HiLINE COFFEE COMPANY, INC., et al.
                Defendant(s).
------------------------------------------------------------------X

19 civ 4308 (JGK)

**ORDER**

**JOHN G. KOELTL, DISTRICT JUDGE:**

The pro se plaintiff commenced this action on May 10, 2019, and, pursuant to Fed.R.Civ.P 4(m), had 90 days to serve the summons and complaint on the defendant(s).

There is no record in the Court's docket of service of the summons and complaint.

It is hereby ordered that the plaintiff shall show good cause by **November 4, 2019** why the summons and complaint were not served on the defendant(s). **IF THE PLAINTIFF FAILS TO SHOW GOOD CAUSE BY NOVEMBER 4, 2019 WHY THE SUMMONS AND COMPLAINT WERE NOT SERVED ON THE DEFENDANT(S), THE CASE MAY BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE, PURSUANT TO RULE 4(m), AND THE PLAINTIFF WILL HAVE NO TRIAL.**

The plaintiff is advised that if assistance is needed, the plaintiff may contact the Pro Se Office of this Court, which is located at: 40 Foley Square, Room 105; New York, New York 10007. The telephone number is (212) 805-0175.

**SO ORDERED.**

                                       _____
                                       JOHN G. KOELTL
                             UNITED STATES DISTRICT JUDGE

Dated: New York, New YorK
       October 4, 2019

# EXHIBIT

## "1"

U.S. Department of Justice
United States Marshals Service

# PROCESS RECEIPT AND RETURN
See "Instructions for Service of Process by U.S. Marshal"

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Jay Brodsky | 19cv4308 (JGK) |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| HiLine Coffee Company, Inc. et al | Summons & Complaint |

**SERVE AT** {

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Ted Snyder

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
1133 Broadway, Suite 706 New York, N.Y. 10010

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

| | |
|---|---|
| Jay Brodsky<br>240 East Shore Road, #444<br>Great Neck, NY 11023 | Number of process to be served with this Form 285 |
| | Number of parties to be served in this case |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):

Signature of Attorney other Originator requesting service on behalf of:  ☒ PLAINTIFF   ☐ DEFENDANT   | TELEPHONE NUMBER | DATE 5/31/2019

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE

I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)*

| Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|
| P3 | 054 | 54 | | JUN - 6 2019 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☒ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | Date 6/27/19 | Time | ☐ am ☐ pm |
|---|---|---|---|
| Address *(complete only different than shown above)* | Signature of U.S. Marshal or Deputy | | |

| Service Fee | Total Mileage Charges *(including endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| $8.00 | | | $8.00 | | |

REMARKS

JUN - 6 2019 Set up for mail ser.

6/27/19 - Unable to serve as addressed, return to sender  via USPS

PRIOR VERSIONS OF THIS FORM ARE OBSOLETE

19-4308 - 2

Form USM-285
Rev. 11/18

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF | |
|---|---|
| Jay Brodsky | **COURT CASE NUMBER** 19cv4308 (JGK) |
| **DEFENDANT** HiLine Coffee Company, Inc. et al | **TYPE OF PROCESS** Summons & Complaint |

**SERVE AT**

| NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN |
|---|
| HiLine Coffee Company, Inc. |
| ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)* |
| 1133 Broadway, Suite 706 New York, N.Y. 10010 |

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

| Jay Brodsky 240 East Shore Road, #444 Great Neck, NY 11023 | Number of process to be served with this Form 285 | 3 |
|---|---|---|
| | Number of parties to be served in this case | 2 |
| | Check for service on U.S.A. | 2 |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service)*:

Signature of Attorney other Originator requesting service on behalf of:  ☒ PLAINTIFF  ☐ DEFENDANT    TELEPHONE NUMBER    DATE 5/31/2019

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process P3 | District of Origin No. SDNY | District to Serve No. SDNY | Signature of Authorized USMS Deputy or Clerk | Date JUN - 6 2019 |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc., shown at the address inserted below.

☒ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | | Date 6/27/19 | Time ☐ am ☐ pm |
|---|---|---|---|
| Address *(complete only different than shown above)* | | Signature of U.S. Marshal or Deputy | |

| Service Fee $8.00 | Total Mileage Charges *(including endeavors)* | Forwarding Fee | Total Charges $8.00 | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|

REMARKS

Setup for Mail Service

6/27/19 - Unable to serve as addressed, return to sender via USPS

Form USM-285
Rev. 11/18

19-4308-1

# PROCESS RECEIPT AND RETURN

See "Instructions for Service of Process by U.S. Marshal"

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Jay Brodsky | 19cv4308 (JGK) |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| HiLine Coffee Company, Inc. et al | Summons & Complaint |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Eugene Kakulin

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
1133 Broadway, Suite 706 New York, N.Y. 10010

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

Jay Brodsky
240 East Shore Road, #444
Great Neck, NY 11023

Number of process to be served with this Form-285

Number of parties to be served in this case

Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):

Signature of Attorney other Originator requesting service on behalf of: ☒ PLAINTIFF ☐ DEFENDANT

TELEPHONE NUMBER

DATE
5/31/2019

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE

I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)*

| Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|
| P3 | No. 054 | No. 054 | | |

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☒ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

| Date | Time | |
|---|---|---|
| 6/27/19 | | ☐ am ☐ pm |

Address *(complete only different than shown above)*

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges *(including endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| $8.00 | | | $8.00 | | |

REMARKS

USM - 0 2019 Set up for mail Ser.

6/27/19 - Unable to serve as addressed, return to sender via USPS

19-4308-3

Form USM-285
Rev. 11/18

# EXHIBIT

# "2"

Free shipping on all orders over $50 LEARN MORE

SHOP
(HTTPS://WWW.HILINECOFFEE.COM/SHOP/)

BEST DEALS
(/SHOP/NESPRESSO
BUNDLES/)

SCHOOL
FUNDRAISER
(HTTPS://WWW.HILINECOFFEE.COM/SCH

*HiLine*
(https://www.hilinecoffee.com)

REVIEWS
(HTTPS://
WWW.HILINECOFFEE.COM/SCH

# CONTACT

# WE CAN'T WAIT TO HEAR FR(

We want to hear from you. Send us a note with your questions, ideas or feedback. We promise to be res
with us. We are here for you and will do everything we can to make sure yo

If you want to know what we've been up to, be sure to check out or Facebook Page.

If you would like to return or exchange an item, please send us an er

### Our Address:

1133 Broadway Suite 706, New York, Ny 10

### Contact Email:

Hi@hilinecoffee.com (mailto:Hi@hilinecoffee.c

Learn more about getting HiLine Coffee at your office. Click he

CONTACT
(HTTPS://WWW.HILINECOFFEE.COM/CONTACT/)

FAQ
(HTTPS://WWW.HILINECOFFEE.COM/FAQ/)

BLOG
(HTTPS://WWW.HILINECOFFEE.COM/BLOG/)

PRESS
(HTTPS://WWW.HILINECOFFEE.COM/PRESS/)

REVIEWS
(HTTPS://WWW.HILINECOFFEE.COM/REVIEW/)

SCHOLARSHIP
(HTTPS://WWW.HILINECOFFEE.COM/INSPIRATION/)

NEED HELP?

Hi@HiLineCoffee.com
(mailto:Hi@HiLineCoffee.com)

HiLine and its products are not endorsed by, sponsored by, lice
their affiliates. Nespresso® is a registered trademark of Societe
trademarks of Keurig, Inc.

Copyright © 2019, Hiline Coffee Company

Terms & Conditions (/terms-conditions/) and Privacy Policy (/
https://www.hilinecoffee.com/inspiration/)

SIGN

Email

  

(http://www.facebook.com/hilinecoffee/)

# EXHIBIT

# "3"

U.S. (/mb) > New York, NY (/mb_51_ALL_EEQ/new_york_ny) > Restaurants and Bars (/mb_53_C4_EEQ/restaurants_and_bars/new_york_ny)

> Restaurants (/mb_54_C432C_EEQ/restaurants/new_york_ny) > Coffee Shops (/mb_55_C432C08G_EEQ/coffee_shop/new_york_ny) > Hiline Coffee Company Inc

# Hiline Coffee Company Inc (/c/mh1m4gr/hiline-coffee-company-inc)

☆☆☆☆☆  0 customer reviews - add your review (/c/mh1m4gr/hiline-coffee-company-inc#reviews)

1133 Broadway # 706
New York, NY 10010
Phone: (212) 951-0695 (tel:2129510695)
Web: www.hilinecoffee.com (/urlverify?
redirect=http%3A%2F%2Fwww.hilinecoffee.com&s=1a1e
d138cee4ba0557499d4afedd175c&cb=1242747&emid=m
h1m4gr)

Own This Business? (/build/c/mh1m4gr)

## Contact Autodesk Experts Now
Connect, consult & hire Autodesk-approved experts today.

Hiline Coffee Company Inc is a privately held company in New York, NY and is a Single Location business.
Categorized under Coffee Shops. Current estimates show this company has an annual revenue of 235448 and employs a staff of approximately 13.

## 📇 Contact  *Is this your business? Claim This Profile (/build/c/mh1m4gr)*

**Hiline Coffee Company Inc**
Phone: (212) 951-0695
Web: www.hilinecoffee.com (/urlverify?
redirect=http%3A%2F%2Fwww.hilinecoffee.com&
s=1a1ed138cee4ba0557499d4afedd175c&cb=12
42747&emid=mh1m4gr)

Call Company  (tel:2129510695)

Name: Gene Kakaulin
Job Title: Principal

## You May Also Like

(http://bridge.lga1.admarketplace.net/ct?
version=16.0.0&key=1570841242100100011.1&ci=1570841242472.11961)
(http://bridge.lga1.admarketplace.net/ct?
version=16.0.0&key=1570841242100100011.1&ci=1570841242472.11961)

ad

(http://bridge.lga1.admarketplace.net/ct?
version=16.0.0&key=1570841242100100011.1&ci=1570841242472.11961)

Coffee Shop Coffee
High Quality Beans @ Low Prices. Everything U Need for a Coffee Shop

🌐 CommercialCoffeeMakers.com/Bulk (http://bridge.lga1.admarketplace.net/ct?
version=16.0.0&key=1570841242100100011.1&ci=1570841242472.11961)

# EXHIBIT

## "4"

| Home | My Favorites | Lists | List Builder | Employers by Major | Employ Veterans | Locations | Industries | Blogs |

# Hiline Coffee Company Inc

Action ▾

## Business Contacts at Hiline Coffee Company Inc:

**3 total Contacts, 3 with email**

This information is available to paying subscribers. **Click** to learn about our subscription plans.

## Contact Information
Hiline Coffee Company Inc
1133 Broadway
New York, NY 10010

Contact: Gene Kakaulin
Title: Principal
Phone: (212) 951-0695
Website: www.hilinecoffee.com

There are 178 Companies located at 1133 Broadway, New York, NY 10010

## Business Description
Hiline Coffee Company is located in New York, New York. This organization primarily operates in the Coffee Shop business / industry within the Eating and Drinking Places sector. This organization has been operating for approximately 6 years. Hiline Coffee Company is estimated to generate $235,448 in annual revenues, and employs approximately 13 people at this single location. This organization is engaged in importing activities at this facility.

Sector: Eating and Drinking Places
Category: Eating Places
Industry: Coffee Shop
SIC Code: 5812

Name: Hiline Coffee Company Inc
Year Founded: 2013
Engaged in:
☐ Manufacturing
☑ Importing
☐ Exporting

Location Type: Single
Revenue: $ 235,448
Employees Here: 13
Facility Size: N/A
*Revenue & Employees are estimates*

## Similar Companies Nearby
## (Industry participants & competitors)

| Name | Empl. | Dist. (mil) |
| --- | --- | --- |
| Papi's Cuban & Caribbean Grill | 2 | 0.0 |
| Sey Coffee LLC | 5 | 0.1 |
| Starbucks Corporation | 10 | 0.1 |
| Starbucks Corporation | 10 | 0.1 |
| Starbucks Corporation | 10 | 0.1 |
| Starbucks Corporation | 14 | 0.2 |
| OH Sandwich Shop Inc | 6 | 0.2 |
| 787 Coffee LLC | 6 | 0.2 |
| Space Gabi | 7 | 0.2 |
| Starbucks Corporation | 18 | 0.3 |

## Map
40°44'38.2"N 73°59'20.6"W
View larger map



Report a map error Map data ©2019 Google

View larger map Directions About Us Partners Policy Remove Company Contact Us

## Statistics for Zipcode 10010
Average House Value $732,600
Average Household Income $94,242
Number of Households 16,556
Persons per Household 1.68

Number of Businesses 4,645
Number of Employees 68,840
Land Area (square miles) 0.391
Water Area (square miles) 0.000

## Demographics for Zipcode 10010



| | Percentage | Population |
| --- | --- | --- |
| White | 76.4 % | |
| Hispanic | 9.5 % | |
| Black | 6.9 % | |
| Asian | 16.2 % | |
| Native American | 0.6 % | |
| Hawaiian | 0.2 % | |
| Other | 3.1 % | |

Copyright © 2019 Buzzfile Media LLC. All Rights Reserved.
45 Broadway, Ste 1420, New York, NY 10006

| Population | Median Age |
| --- | --- |
| 31,834 | 33.3 |

| Female | Male |
| --- | --- |
| 53.7% | 46.3% |
| 17,079 | 14,755 |

| Female | Male |
| --- | --- |
| 32.1 | 34.6 |

Employees & Yearly Growth Rates at This Location

# EXHIBIT

# "5"

**From:** **jay martin** demcointerexport@yahoo.com
**Subject:** Pending litigation-Brodsky v. Hiline-Rule 11 communication
**Date:** April 19, 2019 at 3:47 PM
**To:** Hi@hilinecoffee.com Hi@HiLineCoffee.com



On February 11, 2019, Jay Brodsky forwarded a, 'Notice of Pending Litigation,' of which no reply was effectuated.  Attached is that 'Summons and Complaint, which will be filed if



HiLine Coffee
Compa....pages

no reply is tendered.  Please review and contact 'Brodsky' ASAP to avoid costly litigation.

# EXHIBIT

## "6"



**1**

US POSTAGE & FEES PAID
3 OZ FIRST-CLASS MAIL FLATS RATE
FROM 11023

062S0010207814

RETAIL

stamps
endicia
05/17/2019

# USPS FIRST CLASS MAIL®

Jay Brodsky
240 East Shore Road
Apt. 444
Great Neck NY 11023

C040

SHIP TO:  HiLine Coffee Company
GENERAL LEGAL COUNSEL
1133 Broadway, Suite 706
New York NY 10010-8065

MOVED

UTF

## FILED COMPLAINT USDC SDNY



# Receipt



| **RETURN TO** | **REFERENCE** | |
| --- | --- | --- |
| Jay Brodsky | Ship Date: | May 17, 2019 |
| 240 East Shore Road | Ship from ZIP: | 11023 |
| Great Neck, NY 11023 | Weight: | 0 lbs. 3 oz. |
| | User: | chanelrambo |
| **SHIP TO** | Cost Code: | <None> |
| HiLine Coffee Company | Refund Type: | E-refund |
| 1133 Broadway, Suite 706 | Reference #: | FILED COMPLAINT USDC SDNY |
| New York, NY 10010 US | Printed on: | Shipping label |
| | Tracking #: | 00040899563043479423 |

| **SERVICE** | **UNIT PRICE** |
| --- | --- |
| First Class ® Large Envelope/Flat | $1.30 |
| Tracking | $0.00 |
| Insurance (N/A) | |

| | |
| --- | --- |
| Subtotal | $1.30 |
| Label Quantity | 1 |
| Total Cost | $1.30 |



**UNITED STATES POSTAL SERVICE**

# Receipt

Print Date: Oct 12, 2019

**RETURN TO**

Jay Brodsky

240 East Shore Road

Great Neck, NY 11023

**SHIP TO**

HiLine Coffee Company

576 Fifth Avenue Rm 903

New York, NY 10036 US

**REFERENCE**

| | |
|---|---|
| Ship Date: | Feb 11, 2019 |
| Ship from ZIP: | 11023 |
| Weight: | 0 lbs. 3 oz. |
| User: | chanelrambo |
| Cost Code: | <None> |
| Refund Type: | E-refund |
| Reference #: | IMPORTANT LEGAL NOTICE |
| Printed on: | Shipping label |
| Tracking #: | 00040899563050948751 |

| **SERVICE** | **UNIT PRICE** |
|---|---|
| First Class ® Large Envelope/Flat | $1.30 |
| Tracking | $0.00 |
| Insurance (N/A) | |

| | |
|---|---|
| Subtotal | $1.30 |
| Label Quantity | 1 |
| Total Cost | $1.30 |

# EXHIBIT

## "7"

**From:** **HiLine Coffee** hi@hilinecoffee.com
**Subject:** Re: Mailing address
**Date:** June 7, 2019 at 7:54 PM
**To:** Jay Brodsky brooklynboy419@gmail.com



**Rea** replied                                                        Jun 7, 7:53pm

Hi Jay,

Thanks for your email.

Let us know why you need our mailing address.

Regards.


How would you rate my reply?
Great    Okay    Not Good


--
Rea Y.
hi@hilinecoffee.com


**Jay Brodsky** sent a message                                         Jun 7, 3:54pm

What is your mailing address?

# EXHIBIT

# "8"

Query   Reports   Utilities   Help   Log Out

**1:19-cv-04308-JGK** Brodsky v. HiLine Coffee Company, Inc. et al
John G. Koeltl, presiding
**Date filed:** 05/10/2019
**Date of last filing:** 10/04/2019

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| | *Filed:* | 05/10/2019 | Case Designated ECF |
| | *Entered:* | 05/13/2019 | |
| 1 | *Filed:* | 05/10/2019 | Request to Proceed In Forma Pauperis |
| | *Entered:* | 05/13/2019 | |
| 2 | *Filed:* | 05/10/2019 | Complaint |
| | *Entered:* | 05/13/2019 | |
| 3 | *Filed & Entered:* | 05/29/2019 | Order Granting IFP Application |
| | *Filed & Entered:* | 05/30/2019 | Notice of Case Assignment/Reassignment |
| | *Filed & Entered:* | 05/30/2019 | Case Designation |
| | *Filed & Entered:* | 05/30/2019 | Mail Order by Certified Mail |
| 5 | *Filed & Entered:* | 05/30/2019 | Order of Service |
| | *Filed & Entered:* | 05/31/2019 | Summons Issued |
| | *Filed & Entered:* | 05/31/2019 | FRCP 4 Service Package - Hand Delivered to U.S.M. |
| 6 | *Filed & Entered:* | 05/31/2019 | FRCP 4 Service Package - Mailed |
| 7 | *Filed:* | 07/01/2019 | Marshal's Process Receipt and Return of Service Unexecuted |
| | *Entered:* | 07/02/2019 | |
| 8 | *Filed:* | 07/01/2019 | Marshal's Process Receipt and Return of Service Unexecuted |
| | *Entered:* | 07/02/2019 | |
| 9 | *Filed:* | 07/01/2019 | Marshal's Process Receipt and Return of Service Unexecuted |
| | *Entered:* | 07/02/2019 | |
| 10 | *Filed & Entered:* | 10/04/2019 | Order to Show Cause |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/12/2019 20:45:10 | | | |
| **PACER Login:** | chanelrambo | **Client Code:** | |

# EXHIBIT

# "9"

**From:** **jay martin** demcointerexport@yahoo.com 
**Subject:** Legal Document Service
**Date:** July 10, 2019 at 3:38 PM
**To:** Hi@hilinecoffee.com  Hi@HiLineCoffee.com



PDF

pdfshare.pdf

The United States Marshalls Service attempted to serve the attached legal documents on June 27, 2019.  Service will be executed by posting an advertisement in a local newspaper instead. Jay Brodsky has repeatedly attempted to contact the parties with no success. Once served you will be afforded an opportunity to rebut the facts stated therein within 21 days after service. If no answer is effectuated, Plaintiff will seek a 'Default Judgement,' pursuant to Federal Rules of Civil Procedure Rule 55. Default; Default Judgment

# EXHIBIT

# "10"

Jay Brodsky
240 East Shore Road, #444
Great Neck, NY 11023
Telephone: (973) 568-1666
E-mail: demcointerexport@yahoo.com
Plaintiff ProSe on Behalf of Himself

Case No. **19-cv-4308**

# UNITED STATE DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

THE MATTER OF:

JAY BRODSKY
**PLAINTIFF**

-*against*-

HILINE COFFEE COMPANY, INC.
EUGENE KAKULIN, CEO
TED SNYDER, COO
DOES 1-5 et al
**DEFENDANT'S**

**Issues Before the Court:**
Telephone Consumer
Protection Act 1991(TCPA)
47 U.S.C.A. § 227 et seq.,
Sections 5(a), 5(m)(1)(A),
and 16(a) of the FTC Act
15 U.S.C. §§ 45(a), 45(m)(1)
(A), 53(b)
Section 6 of the
Telemarketing and Consumer
Fraud and Abuse Prevention
Act ("Telemarketing Act")
15 U.S.C. § 6105

---

# SUMMONS AND COMPLAINT

---

## I.  **INTRODUCTION**

1.  On this 5th day of May, 2019, Jay Brodsky, hereafter known as,

    'PLAINTIFF,' resides at 240 East Shore Road, Apartment 444, Great Neck,

    New York 11023, duly deposes that the facts as stated herein are true to the

    best of his knowledge.

## II.  **VENUE AND JURISDICTION:**

2.  Venue is appropriate under 28 U.S.C.A. § 1332 because, *inter alia*: Plaintiff,

    JAY BRODSKY is permanently domiciled in New York State, County of

    Nassau; 'HILINE COFFEE COMPANY, INC.,' hereafter known as,

    'HILINE,' a Delaware Corporation number [4447155]; DOES' 1 through 5,

    include officers, directors, employees' and shareholders of, 'HILINE,'

    directs its business activities to residents of New York State, County of

    Nassau and to others similarly situated nationwide, from their headquarters

    at, '1133 Broadway, Suite 706, New York, New York 10010;' also operating

    a commercial coffee sales website known as, www.hilinecoffee.com

3.  This Court has jurisdiction over the parties because, 'HILINE' and DOES' 1

    through 5, conducts a major part of its national operations from its

headquarters located at, New York, New York, with an advertising budget

not exceeded in other jurisdictions throughout the United States.

13. The Court has Federal question jurisdiction over the TCPA claims. Mims v.

Arrow Fin. Servs., LLC, 132 S. Ct. 740 (2012).

14. The venue is proper because one or more of the Defendants conducts

business from its offices at, New York, New York and 'HILINE,' is a

registered, Delaware Corporation, thereby subjecting it to this Courts'

jurisdiction.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the

wrongful conduct giving rise to this case occurred in and was directed to

and/or emanated from this District.

### III.        __INTRODUCTION__

16. Plaintiff brings this putative action against 'HILINE' to secure redress

for violations of the, Telephone Consumer Protection Act, 47 U.S.C. § 227

('TCPA').

17. Plaintiff is one of many phone call recipients, believed to number in the

thousands, who received illegal telemarketing 'TEXT MESSAGES' from,

'HILINE.'

18.    Plaintiff brings this action to enforce the consumer privacy provisions of the TCPA and achieve redress and compensation for himself as a consumer. In a case such as this, where individual damages are set by statute at $500-$1,500 per violation, the inclusion of punitive damages are best if not the only means of obtaining redress for the type of wide-scale, illegal telemarketing practices at issue, and is consistent with the private right of action afforded to Plaintiff.

19.    In this case however, the 'HILINE' routinely used an, 'Automated Text Messaging System' (ATMS), that directed SMS messages to Plaintiff on multiple occasions by its agents and/or employees' in consonance to the, 'TCPA.'

20.    EUGENE KAKULIN, TED SNYDER and DOES' 1 through 5, are officers, employees', directors' and shareholders of, 'HILINE,' who are thereby personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the Telephone Consumer Protection Act, which states;

> 'The act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user as well as of that person, 47 U.S.C. § 217' (emphasis added).

Texas v. American Blastfax, Inc., 164 F.Supp.2d 892, 899 (W.D. Tex. 2001)

("American Blastfax"); Sandusky Wellness Center, LLC v. Wagner

Wellness, Inc., 2014 WL 1333472, at * 3 (N.D. Ohio March 28, 2014);

Maryland v. Universal Elections, 787 F.Supp.2d 408, 415-16 (D.Md. 2011)

("Universal Elections"); Baltimore-Washington Tel Co. v. Hot Leads Co.,

584 F.Supp.2d 736, 745 (D.Md. 2008); Covington & Burling v. Int'l Mktg.

& Research, Inc., 2003 WL 21384825, at *6 (D.C.Super Apr. 17, 2003);

Chapman v. Wagener Equities, Inc. 2014 WL 540250, at *16-17 (N.D.Ill.

Feb. 11, 2014); Versteeg v. Bennett, Deloney & Noyes, P.C., 775 F.Supp.2d

1316, 1321 (D.Wy.2011) ("Versteeg")

### III.           <u>**THE PARTIES**</u>

<u>**PLAINTIFF:**</u>

21.   JAY BRODSKY, 240 East Shore Road, Apt. 444, Great Neck, New York

11023;

<u>**DEFENDANTS:**</u>

22.   HILINE COFFEE COMPANY, INC., 1133 Broadway, Suite 706, New York,

New York 10010; registered Delaware Corporation;

23. GENE KAKAULIN, Chief Executive Officer, 1133 Broadway, Suite 706,

New York, New York 10010,

24. TED SNYDER, Chief Operating Officer, 1133 Broadway, Suite 706, New

York, New York 10010,

25. DOES' 1 THROUGH 5 - Plaintiff is presently unable to confirm which of

'HILINEs' wholly owned subsidiaries and/or affiliated companies; DOES'

1 through 5 are liable for the claims asserted herein. Discovery will allow

Plaintiff to proceed with naming additional, 'HILINE,' affiliated and

owned companies. Other persons identities included in DOES' 1 through 5,

whose identities are unknown to Plaintiff participated in the events alleged

herein which give rise to the claims asserted by Plaintiff.

26. At all times material to this complaint, 'GENE KAKAULIN,' Chief

Executive Officer (CEO) and 'TED SNYDER,' Chief Operating Officer

(COO), are known to have controlled in fact, and believed to be

contemporaneously 'CONTROLLING DIRECTORs,' of 'HILINE,' and

as so, personally direct the telemarketing practices at issue.

27. At all times material to this complaint, 'HILINE,' conducted its daily

business operations from, NEW YORK, NEW YORK, using the same

equipment and same employees', and held themselves out to the public

under the business name, "HILINE COFFEE COMPANY, INC."

## IV.    THE TELEPHONE CONSUMER PROTECTION ACT

28.    In 1991, Congress enacted the, "TCPA" to regulate the explosive growth of

the telemarketing industry which today is believed to have put forth nearly,

SIXTY BILLION (60,000,000,000) illegal telemarketing calls and text

(SMS) messages (according to [F]TC statistics) to consumers over the past

few years and that number is expected to grow exponentially over the next

few years if something isn't done to stop the offenders from continuing these

illegal telemarketing practices. In so doing, Congress recognized that

"unrestricted telemarketing . . . can be an intrusive invasion of privacy with

5-10% of those illegal calls and texts (SMS) resulting in recipients being

defrauded out of Thousands of Dollars each, thereby making these calls

costly and dangerous to the well being of mostly senior citizens who are

more vulnerable to these types of text messages. The "Telephone Consumer

Protection Act of 1991," Pub. L. No. 102-243, 105 Stat. 2394 (1991),

codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the

Communications Act of 1934, 47 U.S.C. § 201 et seq.

29.    The TCPA's most severe restrictions address telemarketing text messages put forth to cellular telephone lines. In enacting the statute, Congress stated that banning these text messages is 'the only effective means of protecting telephone consumers from this nuisance and privacy invasion.' Id. § 2(10) and (12); see also Mims, 132 S. Ct. at 745.

30.    Accordingly, the TCPA prohibits persons/companies from initiating telemarketing calls and/or texts (SMS) to residential telephone lines and cell phones using automated messaging or by using an, "Automatic Text Messaging System," commonly referred to as, "ATMS," to call or deliver text messages without the prior express consent of the called party pursuant to, 47 U.S.C. § 227(b).

................................................................................................

By **TRACEY KAPLAN** | tkaplan@bayareanewsgroup.com | Bay Area News Group
PUBLISHED: July 8, 2018 at 9:00 am | UPDATED: July 10, 2018 at 5:25 am

They boldly prey on the elderly and other vulnerable groups like immigrants and small businesses by impersonating a variety of agencies, from the IRS to student-loan collectors. In the latest shakedown, immigrants in New York City reported being swindled out of millions of dollars by Mandarin-speaking scammers pretending to be from the Chinese consulate and demanding money to protect victims' U.S. legal status.

................................................................................................

31.    For automated text messaging made to cellular telephones prior to

October 16, 2013, the telemarketer must show they had a consumer's prior

expressed written consent to call via pre-recorded or text (SMS) via an

automated text messaging system. Satterfield v. Simon & Schuster, Inc., 569

F.3d 946, 955 (9th Cir. 2009) ("Satterfield")). "Prior express consent is an

affirmative defense for which the defendant bears the burden of proof." See

Grant v. Capital Management Services, L.P., 2011 WL 3874877, at *1, n.1.

(9th Cir. Sept. 2, 2011); see also Robbins v. Coca-Cola Company, No. 13-

cv-132, 2013 WL 2252646, at *2 (S.D. Cal. May 22, 2013).

32.     For autodialed telemarketing calls or auto-texted messages made to cellular

telephones on or after October 16, 2013, telemarketers must show prior

expressed written consent (a) bearing the signature of the person who is/was

being dialed and thereby providing consent; (b) written consent must specify

the telephone number to which the person consenting is to be called; (c) it

must show clearly that it authorizes the company to call the person being

dialed by use of an autodialer, prerecorded message or auto-text for

telemarketing purposes; and (d) providing consent is not a condition of

purchasing goods or services. See In re Rules & Regs.

## V.   **IMPLEMENTING THE TCPA, 27 FCC Rcd 1830, 1844 ¶ 33 (2012)**

33.   For calls dialed on or after October 16, 2013, having an established business

relationship exemption is no longer applicable.

34.   On May 9, 2013, the [F]CC released a Declaratory Ruling holding that a,

Corporation, or other entity that contracts out its telephone marketing, "May

be held vicariously liable under federal common law principles of agency for

violations of . . . section 227(b) . . . that are committed by third-party

telemarketers."

35.   More specifically, the [F]CC, 2013 Ruling held that, even in the absence of

evidence of a formal contractual relationship between the vendor/seller and

the telemarketer, a vendor/seller is liable for telemarketing calls and text

messages if the telemarketer "has apparent (if not actual) authority" to make

the calls or send advertising texts. [F]CC, 2013 Ruling, 28 [F]CC Rcd at

6586 ¶ 34.

36.   The [F]CC has rejected a narrow view of TCPA liability, including the

assertion that a vendor/seller's liability requires a finding of formal agency

and immediate direction and control over the third-party who placed the

telemarketing call or advertising text (SMS).

37.      Under the TCPA, a vendor/seller of a product or service may vicariously be liable for a third-party telemarketer's violations of, Section 227(b), even if the vendor/seller did not physically dial the illegal call or send the text message, and <u>even if</u> <u>the vendor/seller did not directly control the telemarketer who did</u>.

     (a)      In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); Birchmeier v. Caribbean Cruise Line, Inc., 2012 WL 7062748 (Dec. 31, 2012).

38.      A vendor/seller is liable under, Section 227(b) when it has authorized a telemarketer to market its goods or services.

39.      Additionally, a vendor/seller may be vicariously be liable for a Section 227(b) violation under principles of apparent authority and ratification.

---

*In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules, CG Docket No. 11-50, 28 FCC Rcd 6574, 6574 ¶ 1 (2013) ("FCC 2013 Ruling").*

---

40.      The [F]CC 2013 Ruling further clarifies the circumstances under which a telemarketer has apparent authority:

Apparent authority may be supported by evidence that
the vendor/seller allows the outside sales entity access to
information and systems that normally would be within
the vendor/seller's exclusive control, including: access to
detailed information regarding the nature and pricing of
the seller's products and services or to the seller's
customer information. The ability by the outside sales
entity or debt collector to enter consumer information
into the vendor/seller's sales or customer systems, as well
as the authority to use the vendor/seller's trade name,
trademark and service mark may also be relevant. It may
also be persuasive that the vendor/seller approved, wrote
or reviewed the outside entity's telemarketing or
collection scripts. Finally, a vendor/seller would be
responsible under the TCPA for the unauthorized conduct
of a third-party telemarketer/collection agent that is
otherwise authorized to market/collect a debt on the
vendor/seller's behalf if the vendor/seller knew (or
reasonably should have known) that the telemarketer/
collection agent was violating the TCPA on the vendor/
seller's behalf and the vendor/seller failed to take
effective steps within its power to force the telemarketer/
collection agent to cease that conduct.

............................................................................

41.    The [F]CC, 2013 Ruling, further held that, even in the absence of evidence

of a formal contractual relationship between the vendor/seller and the

telemarketer, a vendor/seller is liable for telemarketing calls and texts if the

telemarketer, 'Has apparent (if not actual) authority' to make the calls.

## VI.     FACTS & STANDING

### The Illegal Telemarketing Campaign at Issue

42.   Plaintiff has standing to bring this suit on behalf of himself under Article III

of the United States Constitution because Plaintiffs' claims state: (a) a valid

injury in fact; (b) an injury which is traceable to the conduct of Defendants;

and (c) is likely to be redressed by a favorable judicial decision. See Spokeo

v. Robins, 578 U.S. __ (2016) at 6; Lujan v. Defenders of Wildlife, 504

U.S. 555, 560 (1992).

43.   Plaintiff may bring a class action on behalf of himself and all others

similarly situated, as a member of a proposed class (hereafter 'The Class')

defined as follows:

> "All persons within the United States who received any
> telephone call from Defendant or Defendant's agent/s and/or
> employee/s to said person's cellular telephone made through the
> use of any automatic telephone dialing system within the four
> years prior to the filing of this Complaint wherein said person
> had not previously consented to receive any such calls."



44. At all times relevant to this Complaint, GENE KAKAULIN, Chief
Executive Officer (CEO) and TED SNYDER, Chief Operating Officer
(COO), authorized 'HILINE,' to solicit prospective customers to purchase
their brand of coffee in lieu of '[1]NESPRESSO,' a widely recognized coffee
brand owned by '[2]NESTLE, S.A.' Plaintiff owns several 'NESPRESSO'
branded coffee machines thereby engendering himself as a prospective
customer to purchase 'HILINEs' products.

---

[1] **Nestlé Nespresso S.A.**, trading as **Nespresso**, is an operating unit of the Nestlé Group, based in Lausanne, Switzerland.[3] Nespresso machines brew espresso and coffee from coffee capsules, or *pods* in machines for home or professional use,[4] a type of pre-apportioned single-use container of ground coffee beans, sometimes with added flavorings.

[2] **Nestlé S.A.** (/ˈnɛsleɪ, -li, -əl/, formerly /-əlz/; French: [nɛsle]) is a Swiss multinational food and drink company headquartered in Vevey, Vaud, Switzerland. It is the largest food company in the world, measured by revenues and other metrics, since 2014

45. The trademarks and trade-names of 'HILINE,' are widely known due to an extravagant internet, email and telemarketing campaign.

46. 'HILINE,' contacted the plaintiff via text message on multiple occasions to solicit the purchase of replacement 'NESPRESSO' coffee capsules. (a) The phone numbers texted, (973) 568-1666 or (973) 568-3424 (phone numbers that have belonged to Plaintiff for more than ten (10) years) are both registered on the [F]CCs' Do-Not-Call Registry;

47. On Monday, January 21, 2019, at 12:23PM, Plaintiff received a text (SMS) advertisement message from, 'HILINE,' announcing a 10% storewide sale. On Tuesday, January 28, 2019 at 10:36AM, Plaintiff received a text (SMS) advertisement offering a free travel coffee mug with purchase of 'NESPRESSO' replacement coffee capsules.

48. At all times relevant to this lawsuit, 'HILINE' had the ability to supervise, monitor, and control the conduct of its telemarketing agents, but instead consciously turned a "blind eye" to their illegal conduct, while accepting the benefits of those illegal acts.

49. At all times relevant to this lawsuit, 'HILINE' had the authority to issue a "CEASE & DESIST," order to its sales agents and subsidiaries to revoke their ability to harass Plaintiff using, 'HILINEs' widely recognized name.

50. At all times relevant to this lawsuit, 'HILINE' had the authority to issue a "CEASE & DESIST," order to its telemarketers thereby revoking their authority to harass the Plaintiff on, "HILINE's" behalf.

51. At no time did 'HILINE' issue such a "CEASE & DESIST," order to its agents or subsidiaries.

52. At all times relevant to this lawsuit, 'HILINE' allowed its agents and subsidiaries too telemarket using its trade names when texting (SMS) Plaintiff.

53. By allowing 'HILINE,' its telemarketers and subsidiaries to telemarket, using the, 'HILINE,' trade name, and by allowing, telemarketers to use its trademarks, 'HILINE' intentionally led consumers to believe that its agents and subsidiaries had the authority to act on, 'HILINEs' behalf.

## VII.       <u>**INJURY IN FACT**</u>

54. Plaintiff has standing to bring this suit on behalf of himself under Article III of the United States Constitution because Plaintiffs' claim states:

(a) a valid injury in fact; (b) an injury which is traceable to the conduct of

Defendant; and (c) is likely to be redressed by a favorable judicial decision.

See Spokeo v. Robins, 578 U.S. __ (2016) at 6; Robins v. Spokeo, 867 F.3d

1108 (9th Cir. 2017) (cert denied. 2018 WL 491554, U.S., Jan. 22 2018);

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); and Chen v.

Allstate Inc. Co., 819 F.3d 1136 (9th Cir. 2016).

55.     Plaintiffs' injuries must be both 'concrete' and 'particularized' in order to

satisfy the requirements of Article III of the Constitution. (Id.)

56.     For an injury to be concrete it must be a de facto injury, meaning it actually

exists.  In this case, the Plaintiff took the affirmative step of enrolling

himself on the National Do-Not-Call Registry for the purpose of preventing

telemarketing calls and text messages to his telephone. Such telemarketing

texts are a nuisance, an invasion of privacy, and an expense to Plaintiffs. See

Soppet v. enhanced Recovery Co., LLC, 679 F.3d 637, 638 (7th Cir. 2012).

All three of these injuries are present in this case. (See also Chen v. Allstate

Inc. Co., 819 F.3d 1136 (9th Cir. 2016).)

57.     Furthermore, the Third Circuit recently stated, Congress found that

"[u]nsolicited telemarketing phone calls or text messages, by their nature,

invade the privacy and disturb the solitude of their recipients," Van Patten,

847 F.3d at 1043, and sought to protect the same interests implicated in the

traditional common law cause of action. Put differently, Congress was not

inventing a new theory of injury when it enacted the TCPA. Rather, it

elevated a harm that, while "previously inadequate in law," was of the same

character that previously existed "legally cognizable injuries." Spokeo, 136

S.Ct. at 1549. Spokeo addressed, and approved, such a choice by Congress.

Susinno v. Work Out World Inc., No. 16-3277, 2017 WL 2925432, at *4 (3d

Cir. July 10, 2017).

58. For an injury to be particularized means that the injury must affect the

Plaintiffs in a personal and individual way. See Spokeo at 7. Furthermore,

Plaintiffs are persons who pay for the phone, and are the regular carrier and

user of the phone. All of these injuries are particular to the Plaintiff.

## VIII.    THE MASSIVE SCOPE OF ILLEGAL TELEMARKETING AT ISSUE

59. The scope of the illegal telemarketing practices at issue in this case are

confirmed by records contained with the Federal Trade Commission's

Do Not Call Registry Database and by past class action litigations

addressing these same issues:

**Jay Brodsky registration information FTC Do-Not-Call Directory:**
(a) Thank you for registering your phone number with the National Do
Not Call Registry. You successfully registered your phone number ending
in **3424** on **October 08, 2017**. Most telemarketers will be required to stop
calling you 31 days from your registration date.
(b) Thank you for registering your phone number with the National Do
Not Call Registry. You successfully registered your phone number ending
in **1666** on **October 08, 2017**. Most telemarketers will be required to stop
calling you 31 days from your registration date.

60.     47 U.S.C. § 227(c) states that any, "Person who has received more than one

telephone call or text (SMS) message within any 12-month period by or on

behalf of the same entity in violation of the regulations proscribed under this

subsection may" bring a private action based on a violation of said

regulations, which were enacted to protect telephone subscribers' privacy

rights to avoid receiving telephone or text messaging solicitations to which

they object.

61.     The TCPA's implementing regulation—47 C.F.R. § 64.1200(c)—provides

that, '[n]o person or entity shall initiate any telephone solicitation' to '[a]

residential or business telephone subscriber who has registered his or her

telephone number on the National do-not-call registry of persons who do not

wish to receive telephone solicitations that is maintained by the Federal

government.' See 47 C.F.R. § 64.1200(c).

62.    47 C.F.R. § 64.1200(e), provides that 47 C.F.R. §§ 64.1200(c) and (d) are

applicable to any person or entity making telephone solicitations,

telemarketing calls or text messages to wireless telephone numbers to the

extent described in the Commission's Report and Order, CG Docket No.

02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone

Consumer Protection Act of 1991,' which the Report and Order, in turn,

provides as follows: The Commission's rules provide that companies

making telephone solicitations to residential telephone subscribers must

comply with time of day restrictions and must institute procedures for

maintaining do-not-call lists. For the reasons described above, we conclude

that these rules apply to calls made to wireless telephone numbers. We

believe that wireless subscribers should be afforded the same protections as

wireline subscribers.

63.    Plaintiff at <u>NO</u> time gave 'HILINE,' 'Prior Express Consent' to autodial

and/or deliver Pre-Recorded telemarketing calls or text messages to solicit

Plaintiff to purchase their consumer products.

64.    In June of 2016, the United States District Court for the Northern District of

West Virginia under the 'TCPA' denied a motion to dismiss filed by 'Got

Warranty Inc.' as well as co-defendants NCWC and Palmer Administrative

Services. The defendants filed a motion to dismiss the 'TCPA' class action

on the ground that the plaintiffs' did not suffer concrete harm by receiving

telephone calls from the defendants who implemented the use of an

'Automatic Telephone Dialing System' (ATDS) to the plaintiffs cellular

telephones. The court relied on *Spokeo v. Robbins,* found to the contrary,

expressly holding that, 'unwanted phone calls cause concrete harm.' The

court also found 'intangible harm' caused by telephone calls that violate

'TCPA,' such as 'invasion of privacy,' wasting a consumers time or causing

risk of injury due to interruption of concentration while driving. In addition

the drainage of a cellphone battery and the cost for electricity to charge the

battery is concrete material harm. Therefore, a claim of this magnitude

deserves to be heard in court.

65. A formal request to the Federal Trade Commission has been put forth by

Plaintiff for telephone records and complaint records pertaining to present

and/or past inquiries by consumers against, 'HILINE,' for violations of

'TCPA.'

IX.    **THE LEGAL BASIS OF THE CLAIMS**

66.    Plaintiffs' claim arises pursuant to the provisions of the TCPA, a Federal

Statute enacted to prohibit unreasonable invasions of privacy via certain

telemarketing practices.

67.    There are questions of law and fact common to those associated with

Plaintiff, including but not limited to the following:

    (a.)    Whether, 'HILINE' violated the TCPA by
    engaging in the act of making unsolicited
    autodialed auto-texted to cell telephone lines?

    (b.)    Whether, 'HILINE' and their associates illegally
    telemarked to consumers throughout the United
    States?

    (c.)    Whether, unsolicited ATMS advertising text
    messages were effectuated on behalf of 'HILINE?'

    (d.)    Whether, Plaintiff is entitled to statutory and
    punitive damages as a result of 'HILINEs' illegal
    actions?

    (e.)    Whether an agency relationship existed between,
    DOES' 1 through 5 and 'HILINE'?

(f.)    Whether, 'HILINE,' had the ability to control the telemarketing practices of its agents and subsidiaries?

(g.)    Whether, 'HILINE,' provided its agents with apparent authority to telemarket on its behalf? and

(h.)    Whether EUGENE KAKULIN, TED SNYDER and DOES' 1 through 5, ratified, 'HILINE's,' illegal actions?

## X.    COUNT ONE
### VIOLATION OF THE TCPA: 47 U.S.C. § 227(b):
### PRE-RECORDED MESSAGES

68.    The Plaintiff re-alleges and incorporates the foregoing allegations contained in, 1 through 67, as set forth fully in this Complaint.

69.    The TCPA makes it unlawful to initiate any telephone call, to any residential or cell phone telephone line, using an ATDS, artificial or prerecorded voice or to deliver any telemarketing, text message, advertisement or solicitation of any kind without prior expressed written consent of the called party being dialed.

70. Plaintiff alleges that 'HILINE' jointly engaged in an illegal telemarketing scheme, thereby violating of the provisions set forth within the TCPAs' prohibition against telemarketing using an ATDS or ATMS.

71. Plaintiff alleges that such violations of the TCPA were both willful and negligent.

72. As a result of 'HILINEs' willful actions, Plaintiff is hereby entitled to having his rights, status, and legal relations upheld relating to 'HILINEs' use of tele-marketing via ATDS or ATMS determined under the TCPA through these actions.

## XI.         COUNT TWO
## INJUNCTIVE RELIEF TO BAR FUTURE TCPA VIOLATIONS

73. The Plaintiff re-alleges and incorporates the foregoing allegations as set forth within, 1 through 72, of this Complaint.

74. The TCPA expressly authorizes the Court to issue injunctive relief against 'HILINE' to prevent further violations of the TCPA from being inflicted upon Plaintiff.

75. Plaintiff, respectfully petitions the Court to order 'HILINE,'including but not limited to its employees, agents, or other affiliates to immediately CEASE & DESIST, from engaging in any further unsolicited tele-marketing

text messages' (SMS) directed to Plaintiff and others similarly situated to prevent further violations of the, TCPA.

76.    WHEREFORE, Plaintiff, respectfully requests of the Court to enter a judgment for each count in his favor, thereby providing the following relief:

     (a)    As to 'COUNT ONE,' statutory damages of $500 per violation, or up to $1,500 per violation if proven to be willful; and punitive damages as the Court sees' fit;

     (b)    As to 'COUNT TWO,' a permanent injunction prohibiting 'HILINE,' including but not limited to, its employees, agents, or other affiliates, to immediately CEASE from engaging in any further text messaging advertising campaign directed to Plaintiff in violation of the TCPA;

     (c)    Any other punitive relief the Court finds just and proper.

     (d)    All other and further relief as the Court deems necessary, just, and proper.

Signed, May 5, 2019 at Great Neck, New York;

---

Jay Brodsky, on behalf of himself, ProSe

SUMMONS & COMPLAINT